IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| WALLACE JONES,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>et al.,  )<br>)<br>Defendants.  )<br>) | No. 20-cv-2331-JTF-tmp |

REPORT AND RECOMMENDATION

Before the court are plaintiff Wallace Jones's motions for entry of default and for default judgment.[1] (ECF Nos. 48, 53, 55, 60, 67-74, 84-91, 93, and 119.) Because several of the defendants were not properly served and because this court lacks jurisdiction over the defendants, the undersigned recommends that Jones's motions for entry of default be denied.

I.   PROPOSED FINDINGS OF FACT

Plaintiff Wallace Jones filed the lawsuit that is currently before the court on May 6, 2020, and amended his complaint on May 26, 2020. (ECF Nos. 1, 14.) Jones named numerous people and state entities as defendants in his complaint, including Maria West, the

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

court reporter during the state court proceedings; Herman Clause, a retired judge who oversaw the state court proceedings; state Attorney General Jeff Landry ("J. Landry"); Michael Landry ("M. Landry"), a former assistant attorney general; Michelle Breaux, an assistant district attorney; former state Attorney General James Caldwell; the State of Louisiana "on behalf of the Docket Number 2012-JC-794" ("Louisiana State Court"); the Office of the Attorney General for Louisiana; and the Louisiana Department of Children and Family Services ("DCFS").[2]

Jones lost custody of his two children after a 2012 proceeding in the Louisiana 15th Judicial District Court. (ECF No. 1, at 57.) His factual allegations in the present litigation are that there was a conspiracy by the Louisiana state court system, the federal court system, and the Louisiana state government to kidnap his children. (ECF No. 14, at 55-56.) After losing custody of his children, Jones filed a lawsuit in the United States District Court for the Western District of Louisiana on June 2, 2015, seeking to vacate the state court judgment. During the litigation, Jones moved the district court to grant a preliminary injunction directing the DCFS to provide him with documents from the state court proceeding, which was denied. Jones v. Louisiana, No. 15-01816, 2016 WL 4059547

---

[2]Jones also named as defendants several parties from his litigation in the Western District of Louisiana and in the Fifth Circuit, but all of those defendants have since been dismissed. (ECF Nos. 97, 111.)

(W.D. La. June 17, 2016). The district court ultimately dismissed Jones's complaint for lack of subject matter jurisdiction on September 29, 2016. Jones v. Louisiana, No. 15-01816, 2016 WL 5720623 (W.D. La. Sept. 29, 2016). An appeal to the Fifth Circuit was denied for want of prosecution. Jones v. Louisiana, No. 16-30909, 2017 WL 5495712 (5th Cir. Jan. 10, 2017).

On April 4, 2017, Jones's wife, Candace Sims, filed a lawsuit in the Western District of Louisiana "alleging substantially similar facts, substantially similar claims, and substantially similar relief as Mr. Jones." Sims v. Bethea, No. 6:17-CV-490, 2017 WL 5659969, at *2 (W.D. La. Apr. 10, 2017). There, the court again dismissed the case for lack of subject matter jurisdiction. Id. In doing so, the court cautioned Sims that, should she "file another complaint seeking to reverse, dismiss or invalidate the state court judgment regarding the custody of her children, and if that suit is found to be without jurisdictional basis, she may be cast with costs and attorney's fees, and sanctioned appropriately." Id.

Jones alleges that the four judgments entered against him were perpetuated by fraud and bribes, and that several agents of the courts (both state and federal) and departments of the State

of Louisiana participated in the conspiracy.[3] (ECF No. 14, at 55-56.) His complaint requests that this court immediately vacate the state court judgment and return custody of his children, force several current government employees to resign, garnish the pensions of several retired government employees who were involved in the prior cases, award him upwards of $150 million in damages, and initiate criminal proceedings against the defendants. (ECF No. 14-1, at 87-93.)

    Jones attempted to serve Breaux, West, and the Office of the District Attorney through Freddie Sonnier, who is apparently an employee for the Louisiana 15th Judicial District Court. (ECF Nos. 29, 34-35.) He attempted to serve Caldwell, Clause, J. Landry, M. Landry, Breaux, the Office of the Attorney General, the Louisiana State Court, and DCFS through Angelique Freel, an attorney for the Office of the Attorney General. (ECF Nos. 30, 31, 36-40, 45-46.) He also attempted to mail service to Child Protective Services, a division of DCFS. (ECF No. 44.) Jones also claims that West received service because he mailed her a copy of one of his motions for entry of default, though a FedEx receipt shows that an "R. Robinson" signed for the delivery. (ECF No. 119-4.)

---

[3]Jones appears to be referring to the state court judgment, the two Western District of Louisiana decisions, and the Fifth Circuit decision.

On June 25, 2020, the Office of the District Attorney and Breaux made a special appearance to file a joint motion to dismiss Jones's claims for lack of personal jurisdiction. (ECF No. 27.) Jones responded on July 9, 2020, arguing that the United States Constitution gives federal courts equitable jurisdiction to hear all cases dealing with fraud. (ECF No. 28.) On July 20, 2020, Jones filed his first Motion for Default Judgment. (ECF No. 48.) Three days later, the Office of the Attorney General and Breaux replied to Jones's response to their motion to dismiss, repeating the same arguments that federal courts in Tennessee do not have personal jurisdiction over the defendants, all of whom reside in Louisiana and have no contacts with Tennessee. (ECF No. 50.) That same day, Jones filed his first Motion for Entry of Default. (ECF No. 51.) To date, he has filed twenty-one motions for entry of default and two motions for default judgment. (ECF Nos. 48, 53, 55, 60, 67-74, 84-91, 93, and 119.) Cumulatively, he has moved for entry of default against the Louisiana State Court, J. Landry, M. Landry, Caldwell, DCFS, the Office of the Attorney General, West, and the 15th Judicial District Court.

The Louisiana State Court, J. Landry, M. Landry, Clause, Caldwell, and the DCFS filed a motion for an extension of time to file an answer on August 5, 2020. (ECF No. 64.) In lieu of ruling on the merits of the motion, the undersigned ordered the defendants to respond to Jones's motion for default judgment. (ECF No. 79.)

Coupled with a motion to dismiss, West responded to Jones's motions for default on August 26, 2020, asserting that an entry of default would be inappropriate because she was not properly served. (ECF No. 94-96.) Her response also alleged that this court lacks personal jurisdiction over her, that this court lacks subject matter jurisdiction over Jones's claims, that this court is an improper venue, and that Jones's complaint does not state a claim upon which relief can be granted. (ECF Nos. 94-96.)

The remaining defendants (the Louisiana State Court, the Louisiana Department of Justice, J. Landry, Caldwell, M. Landry, Clause, and DCFS) responded to the motions for default on August 31, 2020, asserting improper service, lack of personal jurisdiction, lack of subject matter jurisdiction, sovereign immunity, and judicial immunity as grounds precluding an entry of default. (ECF No. 98.) That same day, they also filed a motion for an extension of time to file a motion to dismiss. (ECF No. 100.) The defendants attached a proposed motion to dismiss to their motion for an extension of time, which repeats similar arguments as contained in the opposition to entry of default. (ECF Nos. 100-3, 100-4.) Jones replied to West's motion to dismiss on September 14, 2020, and the remaining defendants' opposition to entry of default on September 8, 2020, by calling the responses "flat out lie[s]." (ECF Nos. 113, 120).

## II.  PROPOSED CONCLUSIONS OF LAW

A party is in default where it fails to plead or otherwise defend its case within the time proscribed under the Federal Rules. Fed. R. Civ. P. 55(a). In order to obtain a default judgment against a party who has received service but failed to appear and plead in a case, the plaintiff must first seek an entry of default from the Clerk of the Court under Rule 55(a). See Heard v. Caruso, 351 F. App'x 1, 15–16 (6th Cir. 2009) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). The plaintiff must show "by affidavit or otherwise" that the party against whom he seeks a default "has failed to plead or otherwise defend" itself in the case. Fed. R. Civ. P. 55(a); see also Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 193 (6th Cir. 1986) (explaining that the entry of default under Fed. R. Civ. P. 55(a) is the first procedural step necessary in obtaining a default judgment). However, a court may deny a motion for entry of default if a party was not properly served with process or if the court lacks personal jurisdiction over the defendants. See Citizens Bank v. Parnes, 376 F. App'x 496, 501 (6th Cir. 2010) (citing Kroger Co. v. Malease Foods Corp., 437 F.3d 506, 510 (6th Cir. 2006)) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment."); O.J. Distrib., Inc. v. Hornell Brewing Co.,

340 F.3d 345, 353 ("[I]f service of process was not proper, the court must set aside an entry of default.") (citing Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir. 1976), repudiated on other grounds by Thomas v. Shipka, 818 F.2d 496 (6th Cir. 1987)). Here, it is undisputed that none of the defendants who are the subject of Jones's motions for entry of default timely filed a response to Jones's complaint. Regardless, before entering default, the court should first consider whether the defendants were properly served and whether the court has jurisdiction.

**A.   Improper Service of Process**

West, Caldwell, M. Landry, Clause, and the DCFS each argue that the court cannot enter default against them because they were not properly served. "Due process requires a plaintiff to properly serve a defendant before a court can have jurisdiction over that defendant to enter a default judgment." Taylor v. Army Review Bds. Agency, No. 17-2550-JPM-dkv, 2018 WL 2124889, at *1 (W.D. Tenn. Apr. 9, 2018) (citing O.J. Distrib., Inc., 340 F.3d at 353). As such, a court cannot enter a default if service was not proper. See O.J. Distrib., Inc., 340 F.3d at 353. Further, actual knowledge that a proceeding is ongoing is not a substitute for proper service. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988); Lucas-Cooper v. Palmetto GBA, No. 1:05 CV 0959, 2005 WL 8167030, at *2 (N.D. Ohio Aug. 31, 2005) (citing Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir. 1982)).

Service can be effectuated by anyone over the age of eighteen who is not a party to the action. Fed. R. Civ. P. 4(c)(2). Under Federal Rule of Civil Procedure 4(e), an individual can be served by delivering a copy of the summons and complaint to the individual ("personal service"), by leaving a copy of the summons and complaint at the individual's dwelling with somebody who lives at the residence ("domiciliary service"), by delivering a copy to the individual's agent who is authorized to accept service on his or her behalf ("agency service"), or by following the laws of either the state where the federal court sits or where service is rendered.[4] Under Federal Rule of Civil Procedure 4(j), a state agency can be served by delivering a copy of the summons and complaint to the agency's chief executive officer or by following the rules of that state. Of note, Louisiana Code of Civil Procedure Article 1265 allows for a political subdivision to be served:

> [A]t its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion. A public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion.

---

[4]Tennessee Rule of Civil Procedure 4.05 governs service on individuals located outside of the state, authorizing service in any manner proscribed by Rule 4.04. Rule 4.04, in turn, allows for an individual to be served by personal service, domiciliary service, or agency service. Likewise, Louisiana Code of Civil Procedure Articles 1231–35 authorize service on a resident individual by personal service, domiciliary service, or by service on a legal representative of the defendant.

The undersigned will address whether service was proper on each of the above listed defendants in turn below.

1. <u>Maria West</u>

Jones attempted to serve West on June 26, 2020, by serving a summons on Freddie Sonnier, who is apparently an employee for the 15th Judicial District Court. (ECF No. 34.) Sonnier is not West's agent and does not live at West's residence. (ECF No. 96-1.) Further, while she is employed by the court, she is not a public officer and, even if she were, Sonnier is not her employee. La. Code Civ. Proc. art. 1265. Thus, Sonnier cannot accept service on West's behalf. Moreover, the undersigned notes that West being aware of the motions for entry of default against her and receiving copies of them in the mail have no bearing on whether she was properly served.

2. <u>Herman Clause</u>

Clause is a retired judge for the 15th Judicial District Court. Jones attempted to serve Clause on June 26, 2020, by serving a copy of the complaint and the summons on Angelique Freel. (ECF No. 30.) Freel is an attorney for the Louisiana Department of Justice, Office of the Attorney General. (ECF No. 98-1, at 1.) Freel is not Clause's agent and does not reside with Clause. (ECF No. 98-1, at 3.) Thus, Freel cannot accept service on Clause's behalf.

3. <u>James Caldwell</u>

Caldwell is a former attorney general for the state of Louisiana. Jones attempted to serve Caldwell by serving a copy of the complaint and the summons on Angelique Freel. (ECF No. 98-1.) Freel is not Caldwell's agent and does not reside with Caldwell. (ECF No. 98-1, at 2.) Thus, Freel cannot accept service on Caldwell's behalf.

4. Michael Landry

M. Landry is a former assistant attorney general for the state of Louisiana. Jones attempted to serve M. Landry on June 26, 2020, by serving a copy of the complaint and the summons on Angelique Freel. (ECF No. 39.) Freel is not M. Landry's agent and does not reside with M. Landry. (ECF No. 98-1, at 3.) Thus, Freel cannot accept service on Landry's behalf.

5. The Louisiana Department of Children & Family Services

The DCFS is a political subdivision of the state of Louisiana. Federal Rule of Civil Procedure 4(j) allows service on political subdivisions by serving the agency's chief executive officer or by following state law. Under Louisiana law, a plaintiff can serve a political subdivision by personally serving its chief executive officer or an employee of the agency. La. Code of Civ. Proc. art. 1265. Neither rule contemplates service by mail. Jones attempted to serve the DCFS by certified mail, which is ineffective. (ECF No. 44.) Jones also appears to have attempted to serve the DCFS by personally serving Freel. (ECF No. 38.) Freel is neither the chief

- 11 -

executive officer of the DCFS nor an employee of DCFS, as she is currently employed by the Louisiana Department of Justice, Office of the Attorney General, which is a distinct subdivision of the Louisiana state government. (ECF No. 98-1.); see also Louisiana Organizational Chart, Louisiana.gov, https://www.louisiana.gov/government/executive-branch-cabinet/ (last visited Sept. 28, 2020) (grouping the Office of the Attorney General and DCFS as different subdivisions of the Louisiana executive branch). Thus, DCFS was improperly served under both federal and Louisiana law.

Because the above listed defendants did not receive proper service, the undersigned submits that the court should not enter default against them.

**B.   Lack of Personal Jurisdiction**

The undersigned further notes that this court lacks personal jurisdiction over the defendants. Personal jurisdiction comes in two flavors: general and specific jurisdiction. Conti v. Pneumatic Prods. Corp., 977 F.2d 978, 981 (6th Cir. 1992). General jurisdiction arises when "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." Third Nat'l Bank v. WEDGE Group, Inc., 882 F.2d 1087, 1089 (6th Cir. 1989). Specific jurisdiction arises when the defendant has

sufficient minimum contacts with the forum state that are related to the cause of action. Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000). The plaintiff has the burden of proving that the court has personal jurisdiction over the defendants, though that burden is lessened when the court does not hold an evidentiary hearing on the issue. See Marine Collections & Recovery, LLC v. M/Y Yemaya, 427 F. Supp. 3d 962, 965 (W.D. Mich. 2019); Mull v. Alliance Mortg. Banking Corp., 219 F. Supp. 2d 895, 903 (W.D. Tenn. 2002).

Here, every defendant who is an individual is a Louisiana resident and the remaining defendants are subdivisions of the Louisiana state government that are authorized to work exclusively in Louisiana. (ECF Nos. 27, 96-1, 98.) Thus, the court does not have general jurisdiction over the defendants because none of the defendants can be considered "at home" in Tennessee. See Malone v. Stanley Black & Decker, Inc., 965 F.3d 499, 502 (6th Cir. 2020) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Further, Jones does not allege any contacts by any of the defendants with the state of Tennessee, and, in any event, all of the actions underlying Jones's complaint (i.e. the custody dispute and any alleged fraud thereafter in the federal court system) appear to have occurred in Louisiana. See Calphalon Corp., 228 F.3d at 721 ("[P]urposeful availment . . . is essential to a finding of personal jurisdiction") (citing LAK, Inc. v. Deer Creek

Enters., 885 F.2d 1293, 1300 (6th Cir. 1989)). Indeed, Jones's complaint states that he chose this district as his forum because it is "the highest court of the State where the plaintiff resides." (ECF No. 14, at 3.) Leaving aside the inaccuracy of that statement, this demonstrates that the primary contact between this case and Tennessee is that Jones is a Tennessee resident. Moreover, Jones doubled down on this theory in his response to Breaux and the Office of the District Attorney's motion to dismiss for lack of personal jurisdiction, where he argues that the defendants purposefully availed themselves of Tennessee law by virtue of him filing the complaint in a Tennessee forum and by adjudicating the custody rights of Tennessee citizens. (ECF No. 28, at 7-8.) The fact that Jones is a resident of Tennessee and brought suit in this state does not create personal jurisdiction over the defendants. See Days Inn Worldwide, Inc., 445 F.3d at 904 ("Personal jurisdiction must be analyzed and established over each defendant independently.") (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). As a result, specific jurisdiction is lacking as well. Thus, this court does not have personal jurisdiction over any of the defendants. As such, the undersigned submits that it would be improper to grant an entry of default.

    As an aside, there would appear to be additional grounds for denying Jones's motions for entry of default that have been raised in the defendants' motions to dismiss, such as lack of subject

matter jurisdiction pursuant to the Rooker-Feldman doctrine. The court need not reach these issues at this time and will address them in its separate Report and Recommendation regarding the pending motions to dismiss.

### III. RECOMMENDATION

For the above reasons, the undersigned recommends that Jones's motions for entry of default be denied.

Respectfully submitted,

s/ Tu M. Pham_____
TU M. PHAM
Chief United States Magistrate Judge

December 17, 2020_____
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**