# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| WALLACE JONES, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 2:20-cv-02331-JTF-tmp |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S OBJECTIONS, AND DENYING PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT AND MOTIONS FOR DEFAULT JUDGMENT

Before the Court are Plaintiff Wallace Jones's Motions for Entry of Default and Motions for Default Judgment ("Default Motions"). (ECF Nos. 48; 51; 53; 55; 60; 67; 68; 69; 70; 71; 72; 73; 74; 84; 85; 86; 87; 88; 89; 90; 91; 93; 119.) On December 17, 2020, Chief Magistrate Judge Tu M. Pham entered a Report and Recommendation to deny Plaintiff's Default Motions. (ECF No. 131.) Plaintiff filed Objections on December 23, 2020 (ECF No. 134),[1] December 30, 2020 (ECF Nos. 136 & 140), and December 31, 2020 (ECF Nos. 144 & 145 & 146 & 147). For the reasons provided below, the Court **ADOPTS** the Report and Recommendation, **DENIES** Plaintiff's Objections, and **DENIES** Plaintiff's Default Motions.

## **FACTUAL OBJECTIONS**

---

[1] Plaintiff titled his first objections as a "Motion to Set-Side (sic) the Magistrate Judge's Report and Recommendation." (ECF No. 134, 1.)

1

In the Report and Recommendation, the Chief Magistrate Judge sets forth proposed findings of fact. For the reasons provided below, the Court overrules Plaintiff's objections and adopts and incorporates the Chief Magistrate Judge's proposed findings of fact.

Plaintiff appears to object to the Chief Magistrate Judge's proposed findings of fact as they relate to Plaintiff's filing of the Default Motions. (*See* ECF No. 134, 7.) Plaintiff apparently asserts that his filed Notices of Errata corrected the Default Motions to the extent they were deficient, and thus, they should be granted. (*Id.*) However, as explained below, because the denial of the Default Motions arises from the lack of proper service of process and jurisdiction rather than filing errors, any re-filing of the Default Motions is insufficient to change their ultimate failure. Plaintiff's objection on this point is **DENIED**.

Plaintiff also asserts that a clerk of this Court "obstructed" Plaintiff's filings and summonses and prevented the entries of default. (*Id.* at 8–16.) Plaintiff also apparently re-hashes the arguments presented in his "Notice to the Court of Formal Criminal Charges" (ECF No. 114).[2] (ECF No. 134, 8–16.) Setting aside the lack of evidence presented by Plaintiff in support of this assertion, any action taken by a clerk of this Court would not change the fact that Plaintiff failed to properly serve some of the Defendants and that this Court lacks personal jurisdiction over all Defendants. Plaintiff's objection on this issue is **DENIED**.

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions.

---

[2] Plaintiff's Notice (ECF No. 114) was denied by the Chief Magistrate Judge on December 17, 2020. (ECF No. 133.)

28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

The Court notes that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). Furthermore, "[f]ailure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a

general objection to the entire" report and recommendation. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004). In turn, "[a] general objection is considered the equivalent of failing to object entirely." *Id.* A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## ANALYSIS

The Chief Magistrate Judge found that as to Defendants West, Caldwell, M. Landry, Clause, and DCFS, default judgment would be inappropriate because there was no proper service of process. (ECF No. 131, 8–12.) The Chief Magistrate Judge further found that, as to all Defendants, default judgment would be inappropriate because personal jurisdiction is lacking. (*Id.* at 12–15.) For the reasons provided below, this Court agrees.

### Insufficiency of Plaintiff's Objections

Plaintiff has made various filings purporting to be objections. (ECF Nos. 134; 136; 140; 144; 145; 146; 147; 149; 154; 155; 158; 159; 160.)[3] The Court will not consider ECF Nos. 149, 154, 155, 159, and 160 to the extent they pertain to the Report and Recommendation, as they were untimely filed. As to ECF Nos. 134, 136, 140, 144, 145, 146, and 147, there is a substantial—if not total—amount of overlap and repetition. A significant portion of Plaintiff's objections refer to matters wholly unrelated to the issues at hand, such as the Federalist Papers, equitable jurisdiction, obstruction of justice, and Plaintiff's believed merits of his claims. Plaintiff's objections also frequently make statements insufficient to constitute a proper objection because they are unintelligible. Moreover, referring to a specific part of the Report and Recommendation and simply stating that it is erroneous, without more, does not constitute a specific objection.

---

[3] ECF Nos. 136, 140, 146, and 147 also purport to object to the Chief Magistrate Judge's Order Granting Defendants' Motions for Extension of Time to File (ECF No. 132) and Order Denying Plaintiff's Motions to Initiate Criminal Proceedings and for Contempt (ECF No. 133), which are addressed by this Court in a separate Order.

*Bouchard*, 449 F.3d at 725. To the extent Plaintiff has filed insufficient, general objections, the Court will review only for clear error. *McCready*, 113 F. App'x at 49.

## **Impropriety of Entry of Default and Default Judgment**

The Chief Magistrate Judge found that because some Defendants were not properly served with process and this Court lacks personal jurisdiction over all Defendants, default judgment would be inappropriate. (ECF No. 131, 12.) Plaintiff has objected to some extent to both of these conclusions.

### *Improper Service of Process*

Plaintiff generally asserts that the state Defendants were served properly, pursuant to Rule 4(j) of the Federal Rules of Civil Procedure. (ECF No. 134, 17.) Fed. R. Civ. P. 4(j) applies to service of governments. As to service of a state or local government, Rule 4(j)(2) provides:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). Federal Rule of Civil Procedure 4(e) allows for service of an individual: (1) pursuant to state law of the state in which the court sits or where service occurs; (2) through personal service; (3) through domiciliary service; and (4) through service of an agent. Fed. R. Civ. P. 4(e). As the Chief Magistrate Judge noted, Tennessee and Louisiana both permit personal and domiciliary service. (ECF No. 131, 9 n.4.) In addition, Louisiana permits service through a legal representative while Tennessee permits agency service. *See* La. Code Civ. P. Ann. arts. 1231–1235; Tenn. R. Civ. P. 4.04, 4.05. Further, in Louisiana, a political subdivision may be served through "personal service upon the chief executive officer thereof, or in his absence upon any

employee thereof of suitable age and discretion." La. Code Civ. P. Ann. art. 1265. A public officer "may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion." *Id.*

A. Plaintiff's Objections Regarding Service Generally

Though it is generally unclear the precise nature of Plaintiff's argument, to some extent, Plaintiff appears to assert that Defendants were properly served and proof was presented of such, thus making the clerk's non-entry of default wrongful. (ECF No. 134, 8–11, 14–16.) However, though Plaintiff only provides the rule number without indicating the jurisdictional source, it is clear that Plaintiff cites Tennessee Rule of Civil Procedure 5.03 for this argument. (*See* ECF No. 134, 8–11, 14–16.) Tenn. R. Civ. P. 5.03 addresses the method for providing proof of service; it does not provide a basis for finding that Plaintiff correctly served any of the Defendants. Thus, Plaintiff has failed to show that any of the Defendants have been properly served, and his objection on this point is **DENIED**.

B. Defendants West, Caldwell, M. Landry, Clause, and DCFS

The Chief Magistrate Judge found that Defendants Herman Clause, James Caldwell, the Louisiana Department of Children & Family Services, Michael Landry, and Maria West were all not properly served with process, and that for that reason alone, any default sought against them fails as a matter of law. (ECF No. 131, 8–12.) This Court agrees.

*1. Herman Clause*

Plaintiff objects to the Chief Magistrate Judge's conclusion that retired Judge Herman Clause was not properly served, appearing to assert that the summons designated for Clause was served upon Jeff Landry, the Louisiana Attorney General, through service upon Angelique Freel.

6

(ECF No. 134, 17.) Plaintiff states that Freel is the proper person for service in Landry's absence. (*Id.* at 17–18.) However, Plaintiff offers no legal basis to support this statement. The Chief Magistrate Judge found that Freel could not accept service on Clause's behalf because Freel is not Clause's agent and does not reside with Clause. (*Id.*) Plaintiff has not objected to those findings and has not otherwise explained how Freel may accept service on Clause's behalf. Thus, Plaintiff's objection as to service of Clause is **DENIED**.

### 2. *James Caldwell*

Plaintiff objects to the Chief Magistrate Judge's finding that Caldwell was not properly served. (ECF No. 134, 18.) Plaintiff states that the "true summons for Caldwell" is ECF No. 45, which was served upon Attorney General J. Landry via service upon Freel. (ECF No. 134, 18.) However, the Magistrate Judge determined that Freel could not legally accept service on Caldwell's behalf. Plaintiff points to no evidence showing that Freel resides with Caldwell or that Freel is Caldwell's agent. Thus, Plaintiff's objection as to service of Caldwell is **DENIED**.

### 3. *Louisiana Department of Children & Family Services (DCFS)*

Plaintiff also appears to object to the Chief Magistrate Judge's conclusion regarding service upon DCFS, though it is unclear to this Court precisely what Plaintiff argues. (ECF No. 134, 18.) To the extent that Plaintiff asserts the Magistrate Judge erred in considering ECF No. 44 rather than ECF No. 38 regarding service of DCFS, the Court finds the issue immaterial for two reasons. First, Defendant's objection is unintelligible; the Court cannot determine what Plaintiff is trying to argue. Second, ECF No. 38 shows service made upon Freel as to Defendant State of Louisiana on behalf of DCFS. (ECF No. 38.) The Chief Magistrate Judge found that Freel cannot accept service on behalf of DCFS because Freel is an employee of a separate political subdivision. (ECF

7

No. 131, 11–12.) Because Plaintiff has not objected to this specific finding, and because the Court finds no error in this conclusion, Plaintiff's objection as to service of DCFS is **DENIED**.

  *4. Michael Landry*

Plaintiff has not objected to, and the Court finds no error in the Chief Magistrate's finding that Freel could not accept service on Michael Landry's behalf, given that she is not Landry's agent and does not reside with him. Thus, entry of default would be inappropriate as to Defendant Landry.

  *5. Maria West*

Plaintiff has not objected to the Chief Magistrate Judge's finding that Freddie Sonnier could not accept service on West's behalf and that West's awareness of the default motions is immaterial to the service analysis. The Court finds no clear error in this conclusion because service upon Sonnier would not appear to suffice under any of the applicable rules.

*Personal Jurisdiction*

The Chief Magistrate Judge found that there exists no personal jurisdiction over the Defendants in this action. (ECF No. 131, 12.) As to this finding, Plaintiff objects and states that ECF Nos. 89, 90, and 91 "contain[] no statement of lack of jurisdiction or any statement of (improper service)." (ECF No. 134, 22–23.) Beyond stating a general objection, it is unclear precisely what Plaintiff means by this. To the extent Plaintiff asserts that because ECF Nos. 89, 90, and 91 lack any statements indicating that there is no jurisdiction in this case, the Court finds Plaintiff's argument without merit and lacking legal support. Whether Plaintiff's own Motions indicate a lack of jurisdiction is irrelevant to whether personal jurisdiction exists.

Plaintiff also appears to argue that courts have jurisdiction to hear all cases involving fraud. (ECF No. 134, 19–21.) However, Plaintiff has provided no evidence to support the existence of personal jurisdiction over Defendants. The Chief Magistrate Judge found that because each Defendant is either an individual Louisiana resident or a subdivision of the Louisiana state government, there is no general personal jurisdiction in this case. (ECF No. 131, 13) (citing *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 502 (6th Cir. 2020)). Plaintiff has not specifically objected to this, and the Court finds no clear error in this conclusion. Similarly, specific personal jurisdiction is absent in this case. There is no evidence of Defendants having contact with Tennessee and no showing that Plaintiff's suit arises from any action taken in Tennessee by Defendants. (*Id.* at 13–14) (citing *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000)). It appears that the Chief Magistrate Judge was correct in finding that default judgment was improper because of the lack of personal jurisdiction. Accordingly, the Court **ADOPTS** the Chief Magistrate Judge's recommendation that the Court lacks personal jurisdiction over Defendants. Because personal jurisdiction is lacking as to all Defendants, Plaintiff's Default Motions are **DENIED**.

## CONCLUSION

For the reasons provided above, the Court **ADOPTS** the Report and Recommendation, **DENIES** Plaintiff's Objections, and **DENIES** Plaintiff's Default Motions (ECF Nos. 48; 51; 53; 55; 60; 67; 68; 69; 70; 71; 72; 73; 74; 84; 85; 86; 87; 88; 89; 90; 91; 93; 119).[4]

---

[4] Due to his *pro se* status, the Court notifies Plaintiff of his right to appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure, which provides: "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).

**IT IS SO ORDERED** this 16th day of March, 2021.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge
