**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **WALLACE JONES,** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**UNITED STATES OF AMERICA, et al.,** )<br>)<br>    **Defendants.** ) | Case No. 2:20-cv-02331-JTF-tmp |

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTIONS TO DISMISS, AND DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE**

Before the Court are Defendants Keith A. Stutes, District Attorney, 15th Judicial District for Lafayette Parish, Louisiana and Michelle Breaux's Motion to Dismiss, filed on June 25, 2020 (ECF No. 27); Defendant Maria West's Motion to Dismiss, filed on August 26, 2020 (ECF No. 94); and Defendants State of Louisiana, Louisiana Department of Justice, Louisiana Attorney General Jeff Landry, former Louisiana Attorney General James D. "Buddy" Caldwell, former Assistant Attorney General Michael Landry, retired Judge Herman Clause, and the Louisiana Department of Children & Family Services' Motion to Dismiss, filed on December 30, 2020 (ECF No. 135). Plaintiff Wallace Jones filed Responses to the Motions to Dismiss on July 9, 2020, September 14, 2020, and January 19, 2021, respectively. (ECF Nos. 28 & 120 & 161.) Defendants Stutes and Breaux filed a Reply in Support of their Motion to Dismiss on July 23, 2020. (ECF No. 50.) On January 26, 2021, the Chief Magistrate Judge entered a Report and Recommendation to grant Defendants' Motions to Dismiss and dismiss Plaintiff's Amended Complaint with prejudice. (ECF No. 162.) Plaintiff did not file any objections. For the reasons provided below, the Court

1

**ADOPTS** the Chief Magistrate Judge's Report and Recommendation. Defendants' Motions to Dismiss are **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED** with prejudice.

## FACTUAL BACKGROUND

In the Report and Recommendation, the Chief Magistrate Judge sets forth proposed findings of fact. The Court adopts and incorporates the Chief Magistrate Judge's proposed findings of fact.

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D.

Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674. This is consistent with 28 U.S.C. § 636's purposes of preserving judicial economy and avoiding "duplication of time and effort" caused when "both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## ANALYSIS

In the Report and Recommendation, the Chief Magistrate Judge recommends dismissal of Plaintiff's claims with prejudice, on multiple grounds. The Chief Magistrate Judge concluded (1) the Court lacks personal jurisdiction over all Defendants; and (2) the Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine, preclusion from reviewing orders from other district courts, Eleventh Amendment immunity, and *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999). (ECF No. 162, 7, 15, 18–20, 23.) This Court agrees.

### I. **Personal Jurisdiction**

The Report and Recommendation found that Plaintiff had not met his burden to establish personal jurisdiction over Defendants in this matter. (ECF No. 162, 7.) This Court lacks the general form of personal jurisdiction over all Defendants in this matter because each Defendant is

3

either an individual Louisiana resident or a subdivision of the Louisiana state government. (ECF No. 162, 10–11) (citing *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 502 (6th Cir. 2020)). The Report and Recommendation also found that, because Plaintiff's Amended Complaint fails to establish that Defendants have any contact with Tennessee or that Plaintiff's suit arises from any such contact, specific personal jurisdiction is absent.[1] (*Id.* at 11–12) (*citing Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2020)). Because Plaintiff's Amended Complaint establishes no activity undertaken by Defendants in Tennessee, and thus no purposeful availment of or presence within Tennessee, the Court agrees with the Chief Magistrate Judge that personal jurisdiction over Defendants is lacking in this case and that Plaintiff's claims should be dismissed.[2]

## II. Subject Matter Jurisdiction

The Chief Magistrate Judge found that in addition to personal jurisdiction being absent, this Court lacks subject matter jurisdiction over Plaintiff's claims. (ECF No. 162, 12.) The Report and Recommendation explained that, while not all Defendants have moved to dismiss for lack of subject matter jurisdiction, the Court may raise the issue *sua sponte*. (*Id.* at 14) (citing *United States v. McDougal*, 368 F. App'x 648, 653 (6th Cir. 2010)). The Chief Magistrate Judge found several bars to subject matter jurisdiction over Plaintiff's claims and recommends dismissal. (*Id.* at 15–24.)

### A. *Rooker-Feldman Doctrine*

---

[1] The Report and Recommendation notes that the Western District of Tennessee is an improper venue for Plaintiff's claims. (ECF No. 162, 12 n.7.)

[2] The Report and Recommendation notes that all Defendants remaining in this litigation have moved to dismiss Plaintiff's claims, with the exception of Cheryl Bethea and "Unknown District Court Clerk Louisiana Western Division." (ECF No. 162, 6 n.5.) Ultimately, regardless of any personal jurisdiction issues involving these Defendants, dismissal of the entirety of this case is also appropriate due to a lack of subject matter jurisdiction.

The Report and Recommendation finds that pursuant to the *Rooker-Feldman* doctrine, which holds that federal district courts may not review state court proceedings, the Court lacks subject matter jurisdiction over Plaintiff's claims. (ECF No. 162, 15) (citing *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998)). The Chief Magistrate Judge found, and this Court agrees, that instead of asserting an independent claim, Plaintiff's Amended Complaint asserts that the injury Plaintiff suffered was the state court judgment itself. (*Id.* at 16) (citing *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008)). This conclusion is bolstered by the fact that Plaintiff requests the Court set aside the Louisiana state court judgment as part of the relief. (*Id.*) (citing *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020)). Thus, pursuant to the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over Plaintiff's claims.

### B. *Jurisdiction to Review Federal Court Orders*

The Chief Magistrate Judge found that Plaintiff's Amended Complaint seeks this Court's review of judgments entered in Plaintiff's prior cases in the Western District of Louisiana and Fifth Circuit Court of Appeals. (ECF No. 162, 19–20.) Because federal district courts generally lack jurisdiction to engage in such review, the Report and Recommendation finds preclusion of subject matter jurisdiction on this ground as well. (*Id.* at 19) (citing *Laues v. Roberts*, No. 2:14-CV-12313, 2015 U.S. Dist. LEXIS 38726, at *12–13 (E.D. Mich. Mar. 25, 2015)). Finding no clear error on the face of the record, this Court agrees.

### C. *Eleventh Amendment Immunity*

The Chief Magistrate Judge found that, in addition to the above jurisdictional issues, some Defendants in this matter are immune under the Eleventh Amendment to the United States

Constitution—an issue that the Court may raise *sua sponte*. (ECF No. 162, 21) (citing *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015)). Specifically, the Louisiana State Court, Louisiana Office of Attorney General, and Louisiana Department of Children and Family Services are immune because they are part of the State of Louisiana. (*Id.* at 22.) (citing *Holliday v. Bd. of Supervisors of LSU Agric. & Mech. College*, 2014-CC-0585, 149 So.3d 227, 229 (La. 2014)). Additionally, Defendants Clause, Caldwell, M. Landry, J. Landry, and Bethea are immune because Plaintiff's suit involves actions they undertook in their official capacity. (*Id.*) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993)).

### D.  *Apple v. Glenn* Standard

Finally, the Chief Magistrate Judge found the Court lacks subject matter jurisdiction because Plaintiff's claims fall within the category of claims precluded by the standard pronounced in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Report and Recommendation concluded—and this Court agrees—that Plaintiff's Amended Complaint is "wholly unsubstantiated" and is within a category of complaints that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion[.]" (ECF No. 162, 23) (quoting *Apple*, 183 F.3d at 479). While normally dismissal for lack of subject matter jurisdiction is without prejudice, dismissal with prejudice is appropriate because Plaintiff's Amended Complaint is frivolous. *See Meitzner v. Young*, No. 16-1479, 2016 U.S. App. LEXIS 24486, at *6 (6th Cir. Oct. 25, 2016); *see also Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) ("In rare circumstances . . . a district court may use its inherent power to dismiss with prejudice (as a sanction for misconduct) even a case over which it lacks jurisdiction." (quoting *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292, 298 (6th Cir. 2001))). Plaintiff has engaged in a course of frivolous

litigation and duplicative filing in this Court, and Plaintiff's previous cases in other courts appear to differ little. The Court exercises its discretion and dismisses Plaintiff's claims with prejudice.

### III.     Restrictions on Plaintiff's Filings

The Court lacks jurisdiction over this matter, and the case will be dismissed pursuant to this Order. Thus, no useful purpose would be served by continuing to address any motion Plaintiff may file. The Clerk is directed not to file any further documents submitted in this case except for a notice of appeal. Any documents submitted by Plaintiff other than a notice of appeal shall be returned to him without filing. Continued abuse of the litigation process by Plaintiff may result in sanctions.

### CONCLUSION

In the absence of any party objections and having satisfied itself that there is no clear error on the face of the record, the Court **ADOPTS** the Report and Recommendation and **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 27 & 94 & 135). Plaintiff's Complaint is **DISMISSED** with prejudice.[3] Because Plaintiff's claims are dismissed, any objections Plaintiff may have to the Chief Magistrate Judge's Order Denying Plaintiff's Motion to Fix Clerical Errors (ECF No. 171) and Order Denying Plaintiff's Motion for Sanctions for Spoliation of Evidence (ECF No. 172) are moot.

**IT IS SO ORDERED** this 16th day of March, 2021.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge

---

[3] Due to his *pro se* status, the Court notifies Plaintiff of his right to appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure, which provides: "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).